IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kent C. Foster, | : | |
| Plaintiff | : | Civil Action 2:08-cv-00394 |
| v. | : | Judge Holschuh |
| Jennifer L. Sargus, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**ORDER**

Plaintiff Foster, a state prisoner, brought this action under 42 U.S.C. §§1983 and 1985 alleging that the defendants conspired to cause him to be convicted of three counts of rape and two counts of felonious sexual penetration. This matter is before the Court on plaintiff Foster's June 10, 2008 objections to Magistrate Judge Abel's June 2, 2008 Report and Recommendation that defendant motion for summary judgment be granted.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Plaintiff argues that he brings this action under § 1985, not § 1983. Nonetheless, the civil rights action fails to state a claim for relief because it attacks his criminal convictions, which have not been set aside. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) the Supreme Court that a prisoner cannot bring a civil rights action for money damages alleging a claim that would necessarily invalidate a criminal conviction unless and until that conviction has

been set aside.  In *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003), the United States Court of Appeals for the Sixth Circuit held that *Heck* bars conspiracy claims under 42 U.S.C. § 1985 when the relief sought attacks the lawfulness of a criminal conviction that has not been set aside.

    The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendants.  This action is hereby **DISMISSED** without prejudice.

Date: August 25, 2008                      **/s/ John D. Holschuh**
                                                              John D. Holschuh, Judge
                                                              United States District Judge